UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: _____

| | |
|---|---|
| Richard T. Kennett,<br><br>     Plaintiff,<br><br>v.<br><br>Debt Recovery Solutions, LLC,<br>John Donnell, and John Doe,<br><br>     Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), as well as 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 427, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Richard T. Kennett is a natural person who resides in the City of Menomonee Falls, County of Waukesha, State of Wisconsin, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

5. Defendant Debt Recovery Solutions, LLC (hereinafter "DRS") is a collection agency operating from an address of 900 Merchants Concourse, Suite 106, Westbury, New York 11590, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

6. Defendant John Donnell (hereinafter "Defendant Donnell") is a natural person who was employed at all times relevant herein by Defendant DRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

7. Defendant John Doe (hereinafter "Defendant Doe"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant DRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

## FACTUAL ALLEGATIONS

8. In or around 1998, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the unpaid balance for home telephone services provided by Verizon.

9. Plaintiff vigorously disputes this debt as he never signed a contract for telephone services with Verizon, and repeatedly disputed this with the original creditor.

10. Sometime thereafter, the disputed and defaulted debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *April 8, 2011 Collection Letter*

11. On or about April 8, 2011, Defendant DRS contacted Plaintiff by mail in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Defendant DRS's April 8, 2011 collection letter stated that Defendant had "written to [Plaintiff] many times requesting payment for the balance due."

### *May 25, 2011 Collection Call*

13. On or about May 25, 2011, Plaintiff contacted Defendant DRS by telephone which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Plaintiff spoke with Defendant Doe and explained that this debt was from 1998, that it was vigorously disputed with the original creditor, and that he did not owe the debt.

15. Defendant Doe ignored Plaintiff and instead demanded immediate payment on the account.

16. Plaintiff became frustrated and the call ended.

17. Defendant Doe's demand for payment was an unfair, false and deceptive act in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, amongst others.

18. Defendant DRS failed to send Plaintiff a written notice containing the provisions under 15 U.S.C. § 1692g(a)(3)-(5) within five days after the communication on April 8, 2011 or May 25, 2011, as required by the FDCPA, 15 U.S.C. § 1692g(a).

19. Defendant Doe's communication also attempted to collect a debt well beyond the applicable statute of limitations, which, pursuant to Wis. Stat. § 893.43, would have expired sometime in 2004. "When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished along with the remedy." Wis. Stat. § 893.05.

### *June 7, 2011 Collection Letter*

20. Despite having previously written to Plaintiff on April 8, 2011, Defendant DRS and Defendant Donnell sent Plaintiff a written demand to pay these alleged debts on June 7, 2011, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

-4-

Case 2:11-cv-01023-LA   Filed 11/04/11   Page 4 of 12   Document 1

21. The June 7, 2011 demand letter from Defendant DRS and Defendant Donnell either falsely and deceptively misstated Plaintiff's right to dispute this debt under the FDCPA, or provided Plaintiff with the required notices under the FDCPA approximately 45 days after they were required to be sent. Under either circumstance, the June 7, 2011, collection communication was sent to Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

22. Defendant DRS and Defendant Donnell's collection letter also attempted to collect a debt well beyond the applicable statute of limitations, which, pursuant to Wis. Stat. § 893.43, would have expired sometime in 2004. "When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished along with the remedy." Wis. Stat. § 893.05.

23. Federal Courts have held that debt collectors who attempted to collect debts that were beyond Wisconsin's six-year statute of limitations for contracts, Wis. Stat. § 893.43, misrepresented the legal status of the debt in violation of the FDCPA. *Klewer v. Cavalry Invs., L.L.C.*, 2002 U.S. Dist. LEXIS 1778 (W.D. Wis. Jan. 30, 2002).

24. The above-described collection communications made to Plaintiff by Defendant DRS, Defendant Donnell and other collection employees employed by Defendant DRS, were made in violation of Wis. Stat. § 427.104(1)(j) and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g, amongst others.

### *Summary*

25. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant DRS, were made in violation of Wis. Stat. § 427.104(1)(j) and in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, and other negative emotions because Plaintiff has been trying unsuccessfully for more than 12 years to dispute this debt and Defendants are continuing to collect it from him despite his protestations.

### *Respondeat Superior Liability*

27. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant DRS who communicated with

Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant DRS.

28. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DRS in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant DRS.

30. Defendant DRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Wisconsin law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. Defendants violated Wis. Stat. § 427.104(1)(j) by attempting to collect a debt from Plaintiff when Defendants were barred from bringing an action against Plaintiff pursuant to Wis. Stat. § 893.43. The violation of this Wisconsin consumer protection statute was also an independent and further false and deceptive collection practice done in violation of the FDCPA.

35. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## VIOLATIONS OF THE WISCONSIN CONSUMER ACT

## WIS. STAT. § 427

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Wis. Stat. § 427.104(1) provides, in pertinent part, that:

> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not:
> …
> (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

38. Defendants had knowledge that the disputed debt arose in 1998.

39. Accordingly, Defendants had reason to know that the statute of limitations to bring an action on the debt expired sometime in 2004.

40. Defendants violated Wis. Stat. § 427.104(1)(j) by attempting to collect a debt from Plaintiff when Defendants were barred from bringing an action against Plaintiff pursuant to Wis. Stat. § 893.43.

41. As a result of each Defendant's violations of the Wisconsin Consumer Act, Plaintiff is entitled to actual damages, including emotional distress and mental anguish pursuant to Wis. Stat. § 427.105(1); the penalty provided in Wis. Stat. § 425.304; and reasonable attorney's fees and costs pursuant to Wis. Stat. § 425.308, from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

# COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

# COUNT II.

# VIOLATIONS OF THE WISCONSIN CONSUMER ACT

# WIS. STAT. § 427

- for an award of actual damages pursuant to Wis. Stat. § 427.105(1) against each Defendant and for Plaintiff;

- for an award of $1,000.00 pursuant to the penalty provided in Wis. Stat. § 425.304 against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Wis. Stat. § 425.308 against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 21, 2011				**BARRY, SLADE & WHEATON, LLC**

By:  **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D. # 1081347
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN      )
                                     ) ss.
COUNTY OF WAUKESHA      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Richard T. Kennett, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _10_    _21_ , _2011_
                    Month      Day      Year

_____
Signature